**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT W. JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> KATHLEEN PACE, *et. al.*, <br><br> Defendants. | Case No. 2:22-cv-00407 (BRM) (LDW) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Robert W. Johnson's ("Johnson") Application to Proceed In Forma Pauperis ("IFP") (ECF No. 4.) Having reviewed the submissions filed in connection with the Application and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Johnson's second Application to Proceed IFP is **DENIED**.

**I.    BACKGROUND**

In January 2022, Johnson sought to commence this action accompanying his Application to Proceed IFP. (ECF No. 1.) The Court entered an Order denying Johnson's Application to Proceed IFP, directing the Clerk of the Court to close the case, and ordering Johnson to submit the appropriate filing fees within fourteen days of the date of the denial to reopen the case. (ECF No. 3.) Johnson did not submit the appropriate filing fee within fourteen days. Instead, Johnson filed a second Application to Proceed IFP. (ECF No. 4.) While Johnson's renewed IFP application was

pending[1], Johnson filed a notice of appeal. (ECF No. 6.) The appeal was dismissed for lack of jurisdiction. (ECF No. 8.)

This action is one of eight separate actions Johnson has sought to commence in the District of New Jersey since January 2022. In each case, he submitted to this Court an application to proceed IFP accompanied by a short "complaint"—in some cases consisting of only one paragraph, in other cases, consisting of only one sentence. *See Johnson v. Rawson Food Servs., Inc., et al.*, Civ. A. No. 22-00345 (D.N.J. Jan. 24, 2022); *Johnson v. Plymouth Rock Assurance, et al.*, Civ. A. No. 22-00350 (D.N.J. Jan. 25, 2022); *Johnson v. Lamprey, et al.*, Civ. A. No. 22-00351 (D.N.J. Jan. 25, 2022); *Johnson v. Vroman, et al.*, Civ. A. No. 22-00352 (D.N.J. Jan. 25, 2022); *Johnson v. Pace, et al.*, Civ. A. No. 22-00407 (D.N.J. Jan. 26, 2022); *Johnson v. ISS at MARS, et al.*, Civ. A. No. 22-00406, (D.N.J. Jan. 26, 2022); *Johnson v. Trinitas Hospital*, Civ. A. No. 22-00408, (D.N.J. Jan. 26, 2022); *Johnson v. Ibis Styles Hotel, et al.*, Civ. A. No. 22-00588 (D.N.J. Feb. 4, 2022).

In the same period,[2] Johnson filed twenty-eight complaints in the District of Connecticut, each accompanied by an application to proceed IFP. *See Johnson v. Fenstermaker, et al.*, Civ. A. No. 22-00101 (D. Conn. Jan. 19. 2022); *Johnson v. Pathfinder Bank, et al.*, Civ. A. No. 22-00109 (D. Conn. Jan. 20. 2022); *Johnson v. Hilton, et al.*, Civ. A. No. 22-00110 (D. Conn. Jan. 20. 2022); *Johnson v. Utica National Insurance Group, et al.*, Civ. A. No. 22-00124 (D. Conn. Jan. 21. 2022); *Johnson v. Sugerman Law Firm, et al.*, Civ. A. No. 22-00126 (D. Conn. Jan. 21. 2022); *Johnson*

---

[1] The Court notes a document titled "Motion to Amend Writ of Habeas Corpus 2241" (ECF No. 5) was incorrectly docketed, and that document belongs to a different case.

[2] While the Court attempts to list all of lawsuits Johnson filed since January 2022, this list is not exhaustive of Johnson's entire filing history in federal courts. Those identified in this Opinion have the same address on file for Johnson as the address on file for his District of New Jersey actions and are similarly styled.

*v. Kim, et al.*, Civ. A. No. 22-00138 (D. Conn. Jan. 25. 2022); *Johnson v. Brown, et al.*, Civ. A. No. 22-00139 (D. Conn. Jan. 25. 2022); *Johnson v. Catalano*, Civ. A. No. 22-00140 (D. Conn. Jan. 25. 2022); *Johnson v. Empower Federal Credit Union, et al.*, Civ. A. No. 22-00141 (D. Conn. Jan. 25. 2022); *Johnson v. EMPRO Insurance, et al.*, Civ. A. No. 22-00142 (D. Conn. Jan. 25. 2022); *Johnson v. Comfort Inn Hotel, et al.*, Civ. A. No. 22-00143 (D. Conn. Jan. 25. 2022); *Johnson v. Watertown Savings Bank, et al.*, Civ. A. No. 22-00144 (D. Conn. Jan. 25. 2022); *Johnson v. Chumsky*, Civ. A. No. 22-00145 (D. Conn. Jan. 25. 2022); *Johnson v. Rusin, et al.*, Civ. A. No. 22-00146 (D. Conn. Jan. 25. 2022); *Johnson v. Carthage Area Hospital Inc.*, Civ. A. No. 22-00154 (D. Conn. Jan. 27. 2022); *Johnson v. Loewenguth, et al.*, Civ. A. No. 22-00167 (D. Conn. Jan. 28. 2022); *Johnson v. Michaels & Smolak, P.C.*, Civ. A. No. 22-00188 (D. Conn. Jan. 31. 2022); Johnson v. New York State, et al., Civ. A. No. 22-00191 (D. Conn. Jan. 31. 2022); *Johnson v. Kent, et al.*, Civ. A. No. 22-00192, (D. Conn. Jan. 31. 2022); *Johnson v. Connell, et al.*, Civ. A. No. 22-00207 (D. Conn. Feb. 07. 2022); *Johnson v. McMahon, et al.*, Civ. A. No. 22-00230 (D. Conn. Feb. 09. 2022); *Johnson v. Davidson Automotive Group, et al.*, Civ. A. No. 22-00231 (D. Conn. Feb. 09. 2022); *Johnson v. New York State Division of Human Rights, et al.*, Civ. A. No. 22-00232 (D. Conn. Feb. 09. 2022); *Johnson v. New York State, et al.*, Civ. A. No. 22-00233 (D. Conn. Feb. 09. 2022); *Johnson v. Powell, et al.*, Civ. A. No. 22-00256 (D. Conn. Feb. 14. 2022); *Johnson v. New York State Insurance Company*, Civ. A. No. 22-00257 (D. Conn. Feb. 14. 2022); *Johnson v. Moschouris, et al.*, Civ. A. No. 22-00313 (D. Conn. Feb. 28. 2022); *Johnson v. Vera House, Inc. et al.*, Civ. A. No. 22-00314 (D. Conn. Feb. 28. 2022).

Also in the same period, Johnson filed sixteen complaints in the District of Vermont, each accompanied by an application to proceed IFP. *See Johnson v. Monro Muffler Brake & Service, et al.*, Civ. A. No. 22-00030 (D. Vt. Feb. 07. 2022); *Johnson v. Bitrategaming*, Civ. A. No. 22-00040

(D. Vt. Feb. 10. 2022); *Johnson v. ESIS, Inc.*, Civ. A. No. 22-00041 (D. Vt. Feb. 10. 2022); *Johnson v. United States Postal Service*, Civ. A. No. 22-00042 (D. Vt. Feb. 10. 2022); *Johnson v. Gibbs*, Civ. A. No. 22-00043 (D. Vt. Feb. 10. 2022); *Johnson v. EmPRO*, Civ. A. No. 22-00033 (D. Vt. Feb. 10. 2022); *Johnson v. New York State Division of Human Rights*, Civ. A. No. 22-00032 (D. Vt. Feb. 10. 2022); *Johnson v. Human Resources Administration Department of Homeless Services*, Civ. A. No. 22-00044 (D. Vt. Feb. 10. 2022); *Johnson v. Gibson, McAskill & Crosby, LLP*, Civ. A. No. 22-00039 (D. Vt. Feb. 10. 2022); *Johnson v. Jefferson County DSS*, Civ. A. No. 22-00035 (D. Vt. Feb. 10. 2022); *Johnson v. Rossetti*, Civ. A. No. 22-00036 (D. Vt. Feb. 10. 2022); *Johnson v. Bond, Schoeneck & King LLC, et al.*, Civ. A. No. 22-00037 (D. Vt. Feb. 10. 2022); *Johnson v. Black River Apartments*, Civ. A. No. 22-00038 (D. Vt. Feb. 10. 2022); *Johnson v. Rushlow Enterprises, Inc., et al.*, Civ. A. No. 22-00049 (D. Vt. Feb. 14. 2022); *Johnson v. Russo*, Civ. A. No. 22-00045 (D. Vt. Feb. 14. 2022); *Johnson v. Trustage, et al.*, Civ. A. No. 22-00070 (D. Vt. Mar. 22. 2022).

In addition to the complaints filed in the Districts of New Jersey, Connecticut, and Vermont, Johnson has filed at least twenty complaints, along with applications to proceed IFP, in several other district courts around the country. *See Johnson v. Lynch*, Civ. A. No. 21-01065 (D.N.H. Jan. 3. 2022); *Johnson v. Daemer, et al.*, Civ. A. No. 22-00310 (E.D. Pa. Jan. 20. 2022); *Johnson v. Credit Acceptance Corporation, et al.*, Civ. A. No. 22-00377 (E.D. Pa. Jan. 27. 2022); *Johnson v. Om Hospitality Inc., et al.*, Civ. A. No. 22-00144 (W.D. Pa. Jan 25. 2022); *Johnson v. Cuomo, et al.*, Civ. A. No. 22-00079 (E.D. Va. Jan. 24. 2022); *Johnson v. Imperial, et al.*, Civ. A. No. 22-00078 (E.D. Va. Jan. 26. 2022); *Johnson v. Experian*, Civ. A. No. 22-00048 (E.D. Tex. Jan. 24. 2022); *Johnson v. Cuomo et al.*, Civ. A. No. 22-00217 (D. Colo. Jan. 25. 2022); *Johnson v. Equifax Information Services, et al.*, Civ. A. No. 22-00072 (W.D. Mich. Jan. 26, 2022); *Johnson

*v. Dinapoli, et al.*, Civ. A. No. 22-00213 (D.D.C. Jan. 26, 2022); *Johnson v. Progressive Leasing, et al.*, Civ. A. No. 22-00052 (D. Utah. Jan. 26. 2022); *Johnson v. Enterprise Rent A Car, et al.*, Civ. A. No. 22-00108 (D. Del. Jan. 26. 2022); *Johnson v. Werger, et al.*, Civ. A. No. 22-00103 (E.D. Wis. Jan. 26. 2022); *Johnson v. Penn Cobra Benefits, et al*, Civ. A. No. 22-00230 (S.D. Ind. Jan. 28. 2022); *Johnson v. Safety National Casualty Insurance*, Civ. A. No. 22-04017 (W.D. Mo. Feb. 10. 2022); *Johnson v. Hertz Corporation, et al.*, Civ. A. No. 22-00134 (W.D. Okla. Feb. 24. 2022); *Johnson v. Royal Inn & Suites*, Civ. A. No. 22-000015 (E.D. Ky. Feb. 14. 2022); *Johnson v. Ramada Inn by Wyndham*, Civ. A. No. 22-00044 (E.D. Ky. Apr. 1. 2022); *Johnson v. Equifax, et al.*, Civ. A. No. 22-00749 (N.D. Ga. Feb. 22. 2022); *Johnson v. Truist.*, (W.D. N.C. Mar. 16. 2022).

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915, a court may allow a litigant to proceed IFP, provided the litigant submits a proper application. "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an affiant must show the inability to pay the filing and docketing fees." *Taylor*, 261 F. App'x at 400 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) and *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)).

Although leave to proceed IFP is generally granted on a showing of indigence, "'extreme circumstances' may justify denying IFP status to an otherwise eligible applicant." *Izquierdo ex rel. G, A, M & J v. New Jersey*, 532 F. App'x 71, 3 n.1 (3d Cir. 2013). Indeed, based on concerns a litigant whose filing fees are borne by the public could abuse this cost-free access to the federal

courts, Congress included in Section 1915 a provision that empowers courts to dismiss frivolous, malicious, or repetitive filings that could result from the absence of a cost barrier. *See* 28 U.S.C. § 1915; *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *McTeague v. Sosnowski*, 617 F.2d 1016, 1019 (3d Cir. 1980) ("When Congress opened the door to in forma pauperis petitions, it was concerned that the removal of the cost barrier might result in a tidalwave [sic] of frivolous or malicious motions filed by persons who gave no pause before crossing the threshold of the courthouse door.").

### III. DECISION

The Complaint and second IFP Application here suffer from the same deficiencies as the seven other Complaints Johnson filed in this Court since January 2022, which all contained at most a single paragraph containing little meaningful information. The Court concludes Johnson's Complaint is so incomprehensible that the Court cannot determine what Johnson has attempted to plead. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (instructing while *pro se* pleadings must be liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." (citation omitted)).

In addition to the eight cases filed in this District, according to this Court's research, Johnson filed at least sixty-four complaints in other district courts since January 2022. In other words, on average, Johnson started roughly one case *every day* for the past three months. This does not include Johnson's series of appeals. In the Court's view, Johnson's conduct represents a "tidal wave of frivolous or malicious motions filed by [a person] who gave no pause before crossing the threshold of the courthouse door," and it is precisely the type of conduct Congress intended to curtail in Section 1915. *McTeague*, 617 F.2d at 1019. The Court finds Johnson's nationwide serial filings to be a textbook example of abusive litigation, compelling this Court to deny Johnson's

second application to proceed IFP. *Deutsch v. U.S.*, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995) (recognizing district court may invoke exceptions to the usual procedure of granting IFPs) (citing *In re Sindram*, 498 U.S. 177, 180 (1991) (per curiam) (barring abusive petitioner from IFP status when seeking extraordinary writs and stating that "the Court has a duty to deny in forma pauperis status to those individuals who have abused the system"); *see also Izquierdo*, 532 F. App'x at 3 n.1 (recognizing "extreme circumstances may justify denying IFP status to an otherwise eligible applicant).

Moreover, the seventy-two cases identified here are merely what Johnson filed after he was warned against filing frivolous matters multiple times. For example, the Second Circuit warned Johnson in 2020 that his continued filing of clearly meritless appeals could result in the imposition of a leave-to-file sanction. *Johnson v. Wolfe*, Civ. A. No. 19-3891, 2020 WL 2544909, at *1 (2d Cir. May 7, 2020). Johnson ignored this warning and filed twenty-three appeals in the Second Circuit in March 2022 alone.

In 2019, the Southern District of Ohio deemed Johnson a "vexatious litigator" and imposed an anti-filing injunction. *Johnson v. Coe*, Civ. A. No. 19-02428, 2019 WL 3543542, at * 4 (S.D. Ohio. Aug. 5, 2019). In 2021, the Southern District of New York imposed a leave-to-file sanction against Johnson. *Johnson v. Town of Onondaga*, Civ. A. No. 19-11128 (S.D.N.Y. Apr. 1, 2021) (ECF No. 4). In 2022, Johnson was warned of a possible anti-filing injunction issued against him in the District of Connecticut. *Johnson v. New York State Insurance Company*, Civ. A. No. 22-00257 (D. Conn. Feb. 14. 2022) (ECF No. 8). Johnson responded to this warning with an appeal. (*Id.* at ECF No. 10).

Johnson's conduct in this Court is consistent with what he has been doing all over the country. Because of this, the Court finds, at minimum, Johnson is no longer entitled to his IFP

privilege. *Shahin v. Sec'y of Delaware*, 532 F. App'x 123 (3d Cir. 2013) (holding permission to proceed IFP "is a privilege rather than a right").

## IV. CONCLUSION

For the reasons set forth above, Johnson's second Application to Proceed IFP (ECF No. 4) is **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  August 9, 2022